UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 20-cv-23973-RNS**

EDDY PERERA-GONZALEZ,

    Plaintiff,

v.

JORGE RODRIGUEZ, individually,
CITY OF HIALEAH, FLORIDA, a municipal corporation,

    Defendants.

_____/

**FIRST AMENDED COMPLAINT**

Plaintiff, EDDY PERERA-GONZALEZ, (Mr. Perera-Gonzalez) brings this Complaint against Defendants, the CITY OF HIALEAH, FLORIDA (the "City"), a municipal corporation, and JORGE RODRIGUEZ ("Sergeant J. Rodriguez") in his individual capacity, and alleges the following:

**THE PARTIES, JURISDICTION, AND VENUE**

At all times material to this action:

    1.    Mr. Perera-Gonzalez was at all time material a citizen of the State of Florida, and a resident of Miami-Dade County, Florida.

    2.    The City was and is a Florida municipality organized under the laws of the State of Florida, located in Miami-Dade County, operated a police department, and is a person within the meaning of 42 U.S.C. § 1983. The City assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

    3.    At the time of the incident, Sergeant J. Rodriguez was and is a resident and citizen of the State of Florida and was acting within the scope of his employment as a law enforcement

officer with the City of Hialeah Police Department.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

5. Venue is proper in this District because the events giving rise to these claims all occurred within Miami-Dade County, Florida.

**JURY DEMANDED**

6. Plaintiff demands a trial by jury in this action.

**THE FACTS GIVING RISE TO THE CLAIM**

7. On October 1, 2017, Mr. Perera-Gonzalez was suffering from depression.

8. The depression caused him to act in a suicidal manner.

9. During this episode, Mr. Perera-Gonzalez found a machete.

10. With the machete in hand, he climbed on top of the flat roof of a residence located 509 W 16th Street, Hialeah Florida.

11. While on the roof, he cut his throat with the machete.

12. At some point, police were called and Sergeant J. Rodriguez, along with other members of the Hialeah Police Department arrived on scene and surrounded the building.

13. The other officers are described as V. Estrada, E. Gonzalez, Y. Rodriguez, M. Lopez and O. Mejia.

14. While the other officers maintained a secure perimeter around the building, Sergeant J. Rodriguez took a position at ground level some 30 to 50 feet from Mr. Perera-Gonzalez.

15. At that time and place Mr. Perera-Gonzalez was seated on the flat roof and was not holding the machete in his hands.

16. Then, for no apparent reason Sergeant J. Rodriguez fired a single gunshot from his duty firearm striking Mr. Perera-Gonzalez in the neck.

2

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

17. Mr. Perera-Gonzalez was subsequently transported to Ryder Trauma Center for his injuries and placed under arrest.

18. The Complaint/Arrest Affidavit prepared by Sergeant J. Rodriguez, or on behalf of Sergeant J. Rodriguez, and in concert with the other officers identified in that affidavit as V. Estrada, E. Gonzalez, Y. Rodriguez, M. Lopez and O. Mejia, is false, misleading and a complete fabrication of the events that led up to Sergeant J. Rodriguez shooting Mr. Perera-Gonzalez.

19. Specifically, the Complaint/Arrest Affidavit states the following;

> **ON OCTOBER 1ST, 2017 HIALEAH POLICE RESPONDED TO 509 WEST 16 STREET REFERENCE A MAN ON THE ROOF OF THE RESIDENCE. UPON ARRIVAL, THE DEFENDANT WAS LOCATED ON THE ROOF BY VICTIM SERGEANT J. RODRIGUEZ ALONG WITH OFFICERS V. ESTRADA, E. GONZALEZ, Y. RODRIGUEZ, M. LOPEZ AND O. MEJIA. THE DEFENDANT WAS BLEEDING FROM THE NECK AREA. THE DEFENDANT WAS HOLDING A MACHETE AND MAKING MOTIONS OF THROWING IT AT OFFICERS ON THE SCENE. SERGEANT J. RODRIGUEZ WHO WAS DIRECTLY UNDERNEATH THE DEFENDANT GAVE REPEATED WARNINGS TO DROP THE MACHETE AT WHICH TIME THE DEFENDANT SWUNG IT IN A THROWING MOTION TOWARDS SERGEANT J. RODRIGUEZ WHO FIRED HIS DUTY FIREARM ONE TIME AT THE DEFENDANT. IT IS UNKNOWN IF THE DEFENDANT WAS STRUCK AT THIS TIME…**

20. In that patently false Complaint/Arrest Affidavit Mr. Perera-Gonzalez was charged with three serious felony crimes.

Count 1 F/L-Burglary/wit Assault or Battery/Armed

Count 2 F/3-Resisting Officers with Violence to His Person

Count 3 F/2-Assault/Aggravated/Law Enforcement Officer

21. If found guilty from the false information and false charges alleged and charged by Sergeant J. Rodriguez and Hialeah Police Officer's V. Estrada, E. Gonzalez, Y. Rodriguez, M.

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

Lopez and O. Mejia, Mr. Perera-Gonzalez could have been sentenced to life in prison.

22. The Miami-Dade State Attorney, eventually dismissed Counts 1, 2 and 3, however, in reliance upon the information provided by Sergeant J. Rodriguez and Hialeah Police Officer's V. Estrada, E. Gonzalez, Y. Rodriguez, M. Lopez and O. Mejia, The Miami-Dade State Attorney charged Mr. Perera-Gonzalez via information with Burglary of an Unoccupied Dwelling and Assault/Aggravated.

23. However, unknown to Sergeant J. Rodriguez and Hialeah Police Officer's V. Estrada, E. Gonzalez, Y. Rodriguez, M. Lopez and O. Mejia and the Miami-Dade State Attorney, the entire incident was memorialized by a television news crew and subsequently broadcast on the nightly news.

24. Mr. Perera-Gonzalez's counsel obtained a digital copy of the broadcast which clearly shows that the Complaint/Arrest Affidavit is false, misleading and a complete fabrication created to justify the actions taken by Sergeant J. Rodriguez.

25. Specifically, the television footage clearly reflects;

    a. A disoriented Mr. Perera-Gonzalez seated on the roof;

    b. He is not holding a machete;

    c. He is not making motions of throwing a machete;

    d. He is not swinging a machete, and most importantly;

    e. Clearly shows that he was shot in the neck when he grabs his neck and blood appears all over his body.

26. In short, the news footage clearly reflects an unarmed man who is not threatening anyone be shot in the neck for no apparent reason.

27. Furthermore, from Sergeant J. Rodriguez's vantage point, it was clear that Mr. Perera-Gonzalez was not a threat to the Sergeant or to any other officer on the scene.

28. To add insult to the violent injuries suffered by their son and brother, and in a further attempt to deflect and mislead, members of the Hialeah Police Department concocted another ridiculous narrative telling the family of Mr. Perera-Gonzalez that it was necessary to shoot him in order to save him.

29. Notwithstanding the City's knowledge that its officers would regularly encounter individuals suffering from depression and suicidal behavior, the City failed to train its police officers on interactions with individuals suffering from depression and suicidal behavior. As a result of such failure to train, City police officers would use unnecessary, and potentially deadly, force on individuals suffering from depression and suicidal behavior.

30. Because of this incident, Mr. Perera-Gonzalez is unable to engage in certain physical activities and has suffered damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, medical bills and medical liens.

31. Mr. Perera-Gonzalez has also been required to secure the services of undersigned counsels to bring this action and is obligated to pay them a reasonable fee and to reimburse them for the costs and expenses in connection with prosecution this action.

## COUNT I:

### FOURTH AMENDMENT EXCESSIVE FORCE
### (SERGEANT JORGE RODRIGUEZ)

32. Mr. Perera-Gonzalez re-alleges the allegations contained in paragraphs 1-31 of this Complaint.

33. This count is brought by Mr. Perera-Gonzalez pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Hialeah Police Sergeant J. Rodriguez in his individual capacity.

34. Sergeant J. Rodriguez violated Mr. Perera-Gonzalez clearly established Fourth

5

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

Amendment right to be free from excessive force during police seizures when he shot Mr. Perera-Gonzalez in the neck.

35. Based upon the facts referenced herein, Sergeant J. Rodriguez's act of shooting Mr. Perera-Gonzalez was unwarranted and unreasonable under the circumstances, and he is therefore liable to Mr. Perera-Gonzalez for his injuries.

36. During this incident, Sergeant J. Rodriguez was acting under color of state law as a City of Hialeah police officer.

37. During this incident, Sergeant J. Rodriquez was acting maliciously with callous and reckless indifference towards the Plaintiff's federally protected right.

WHEREFORE, Plaintiff, Mr. Perera-Gonzalez, demands judgment for his economic and noneconomic damages, punitive damages, attorney's fees, the costs of prosecuting this action, and such other relief as this Court deems proper and just.

## COUNT II:

### FOURTH AMENDMENT FAILURE TO TRAIN
### (CITY OF HIALEAH)

38. Mr. Perera-Gonzalez re-alleges the allegations contained in paragraphs 1-31 of this Complaint.

39. At all times material Sergeant J. Rodriguez was employed by, trained by, and granted the right to supervise other officers by the City.

40. As demonstrated herein, Defendant, Sergeant J. Rodriguez, violated a federally-protected right under the Constitution of the United States of America first when he shot the Plaintiff, and secondly, when he filed a patently false police report.

41. Notwithstanding the City's knowledge that its officers would regularly encounter individuals suffering from depression and suicidal behavior, the City failed to train its police

6

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

officers on interactions with individuals suffering from depression and suicidal behavior. As a result of such failure to train, City police officers would use unnecessary, and potentially deadly, force on individuals suffering from depression and suicidal behavior, which demonstrates inadequate training of its officers.

42. The need for specialized training is so obvious that failure to provide such training amounts to a deliberate indifference to the Constitutional rights of the Plaintiff and other persons with whom police have contact.

43. Plaintiff's injuries are the direct result of inadequate training by the City.

**WHEREFORE,** Plaintiff, Mr. Perera-Gonzalez, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and such other relief as this Court deems proper and just.

## COUNT III:

## FOURTH AMENDMENT FAILURE TO SUPERVISE
## (CITY OF HIALEAH)

44. Mr. Perera-Gonzalez re-alleges the allegations contained in paragraphs 1-31 of this Complaint.

45. At all times material Sergeant J. Rodriguez was employed by the City.

46. As demonstrated herein, Defendant, Sergeant J. Rodriguez, violated a federally-protected right under the Constitution of the United States of America first when he shot the Plaintiff, and secondly, when he filed a patently false police report.

47. Based upon information readily available to the City, including but not limited to video and witnesses, the City knew, or should have known that Sergeant J. Rodriguez, violated a federally-protected right under the Constitution of the United States when he;

    a.    shot the Plaintiff for no reason,

7

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

      b.     lied about how the shooting occurred in the police report,

      c.     and most importantly when he allowed the State to Prosecute the Plaintiff based upon false statements and lies.

48. The City's inaction demonstrates a failure and or refusal to adequately supervise Sergeant J. Rodriguez.

49. The municipality should have known of the need to supervise its officers regarding use of excessive force and false police reports, and made a deliberate choice not to take any action.

50. The need for supervision over false reporting of excessive force that results in prosecution is so obvious that failure to provide such supervision amounts to a deliberate indifference to the Constitutional rights of the Plaintiff and other persons with whom police have contact.

51. The City's failure and or refusal to adequately supervise Sergeant J. Rodriguez is the direct cause of Plaintiff's injuries claimed herein.

**WHEREFORE,** Plaintiff, Mr. Perera-Gonzalez, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and such other relief as this Court deems proper and just.

## COUNT IV:

### FOURTH AMENDMENT NEGLIGENT HIRING
### (CITY OF HIALEAH)

52. Mr. Perera-Gonzalez re-alleges the allegations contained in paragraphs 1-31 of this Complaint.

53. At all times material Sergeant J. Rodriguez was employed by the City.

54. The City failed to adequately check Sergeant J. Rodriguez' background when it hired him.

8

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

55. Sergeant J. Rodriguez was not a suitable candidate to be hired as officer and specifically not suitable to be hired or promoted to the position of a supervisor based upon his prior record relating to use of excessive force and veracity, and lack of experience in responding to suicidal and depressed persons.

56. As a result, Defendant, Sergeant J. Rodriguez, violated a federally-protected Fourth Amendment right under the Constitution of the United States of America first when he shot the Plaintiff, and secondly, when he filed a patently false police report.

57. The City's failure to check the Defendant, Sergeant J. Rodriguez' background amounted to deliberate indifference to the risk that a violation of Plaintiff's Constitutional rights would follow the hiring decision.

58. Plaintiff's injuries are the direct result of the negligent hiring of Defendant, Sergeant J. Rodriguez by the City.

**WHEREFORE,** Plaintiff, Mr. Perera-Gonzalez, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and such other relief as this Court deems proper and just.

Dated this 23rd day of November, 2020.

Respectfully submitted,

By: */s/ Paul Basile*
Paul Basile, Esq. (FBN: 89036 )
paul@kblawmiami.com
The Law Office of
KASSEBAUM and BASILE, P.A.
150 West Flagler Street, Suite 1675
Miami, FL 33130
Telephone: (305) 445-2985
Fax: (754) 400-6113

By: *Charles W. Flynn*
Charles W. Flynn, III, Esq. (FBN: 204791)
cflynn@sgfcounsel.com
STOLZENBERG GELLES FLYNN
& ARANGO, LLP
1533 Sunset Drive, Suite 150
Miami, FL 33143
Telephone: (305) 961-1450
Fax: (305) 423-3979

*Counsel for Plaintiff, Eddy Perera-Gonzalez*