UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-cv-23973-RNS

EDDY PERERA-GONZALEZ,

    Plaintiff,

v.

JORGE RODRIGUEZ, individually,
CITY OF HIALEAH, FLORIDA, a
municipal corporation,

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e) AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Eddy Perera-Gonzalez, through undersigned counsel, files this Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) and in support thereof, states:

1. Plaintiff moves this Court to reconsider its Order Granting Defendant City of Hialeah's (the "City's") Motion to Dismiss and Motion to Strike issued on May 19, 2021 (the "Order"), which granted the Defendant City of Hialeah's motion to dismiss all claims against it, *with prejudice*.

2. In the Order, the Court reasoned that the Plaintiffs claims of failure to supervise and failure to train officers were "bare assertions" that did not set forth

enough facts to support a finding of showing of deliberate indifference for purposes of a failure to train or supervise. *See* Order, p. 4. Plaintiff seeks reconsideration of only the "with prejudice" portion of the ruling, altering it to be a dismissal "without prejudice" to prevent a manifest injustice, and in light of new evidence received from the City.

3. If this Motion is granted, Plaintiff further seeks consideration of its Motion for Leave to File Second Amended Complaint filed contemporaneously with this Motion, pursuant to Fed. R. Civ. P Rules 15(a)(2).

4. Plaintiff received over 1800 pages of documents in response to discovery requests on April 26, 2021 after the City's Motion to Dismiss had been fully briefed, just weeks before the Court ruled on the pending Motion to Dismiss. Given the volume of data, it could not be presented to the Court prior to the Court's May 19, 2021 ruling.

5. The documents produced on April 26, 2021 by the City revealed facts that, once alleged in an amended pleading, would provide sufficient facts to state a claim for relief for failure to train and failure to supervise. For instance, Plaintiff can now allege that up to 258 people accused the City of Hialeah police officers with "abuse of authority, excessive force or failure to provide mental health treatment (i.e. Baker Act Protocol)" over the five years prior to when Plaintiff was

2

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

shot by Officer Rodriguez. At least two of those investigations concerned Defendant Rodriguez' behavior during arrests where mental health issues were present, and he received no further training to prevent future abuse. Further, Defendant's discovery responses revealed two other individuals sued the City who were shot during a mental health interaction in the past three years while working for the City. These and other allegations outlined in the Memorandum below would be sufficient to establish a pattern of similar constitutional violations or a deliberate indifference for purposes of a failure to train or supervise. *See* Order, p. 3.

6. Plaintiff does not seek reconsideration of the Court's dismissal of Count IV (negligent hiring), or the dismissal without prejudice of punitive damages against Defendant Officer Rodriquez.

7. This Motion does not seek to relitigate the Motion to Dismiss, but rather to show that it would be a manifest injustice to exclude the evidence not previously available and an injustice not to allow this suit to be litigated on the merits.

3

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

CASE NO: 20-cv-23973-RNS

## Memorandum of Law

**I.      Standard of Review for Motion for Reconsideration**

Three grounds justify reconsideration of an earlier order under Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252 (S.D. Fla. 2015); *White v. Fla. Dep't of Corr.*, No. 6:15-cv-1560-Orl-37DCI, 2017 U.S. Dist. LEXIS 124720 (M.D. Fla. Aug. 8, 2017); *Vila v. Padron*, No. 04-20520-CIV-ALTONAGA/B, 2005 U.S. Dist. LEXIS 47590 (S.D. Fla. Mar. 30, 2005), citing *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). A motion for reconsideration is not a tool for relitigating what a court has already decided. *See Reyher v. Equitable Life Assurance Soc'y*, 900 F. Supp. 428, 430 (M.D. Fla. 1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. (internal quotation marks omitted). Moreover, a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

Typically, once a judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See, e.g., Williams v. Citigroup Inc.,* 659 F.3d 208, 213 (2d Cir. 2011) ("as a procedural matter, a party seeking to file an amended complaint post judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)") (internal quotation marks and alterations omitted); *Crestview Village Apartments v. United States Dep't of Housing and Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (explaining that "[a]fter final judgment has been entered, a plaintiff may amend with leave of court following a motion to set aside the judgment under Rule 59(e) or Rule 60(b)"). (Therefore, should this Motion for Reconsideration be granted, the Court may then consider Plaintiff's Motion for Leave to File Second Amended Complaint).

## II.   Summary of Factual Allegations

The facts set forth in the First Amended Complaint are as follows: Plaintiff, Mr. Perera-Gonzalez, was suffering from depression on October 1, 2017, and acted in a suicidal manner. *See* First Amended Complaint, generally. He climbed upon a flat roof residence in the City of Hialeah with machete in hand and cut his own throat with the machete. *Id.* at ¶ 11. The police were called, and Defendant Sergeant J. Rodriguez and other officers arrived on the scene and surrounded the building. *Id.* at ¶ 12. The Defendant took a position at ground level

5

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

some 30 or 50 feet from the bleeding Perera-Gonzalez. *Id.* at ¶ 14. Mr. Perera-Gonzalez was seated on the flat roof and was no longer holding the machete in his hands. *Id.* at ¶ 15. At that point, Sergeant J. Rodriguez fired a single gunshot from his duty firearm, striking Mr. Perera-Gonzalez in the neck. *Id.* at ¶ 16. Mr. Perera-Gonzalez was transported to Ryder Trauma Center for his injuries and placed under arrest. *Id.* at ¶ 17. Ultimately Mr. Perera-Gonzalez survived his injuries but has suffered damages from the shooting. *Id.* at ¶ 30.

Following the incident, Defendant Rodriguez in concert with other officers filed a patently false Arrest Affidavit. *Id.* at ¶18. The Affidavit correctly stated that upon arrival at the scene, Mr. Perera-Gonzalez was bleeding from the neck, but falsely stated he was holding the machete and making a motion of throwing it at officers on the scene. *Id.* at ¶ 18-20. The Affidavit (falsely) alleges the Defendant officer was "directly underneath the defendant and gave repeated warning to drop the machete at which time the defendant swung it in a throwing motion toward the Defendant officer, who fired his duty firearm one time. *Id.* at ¶ 19. The Affidavit concluded with, "it is unknown if the defendant was struck at this time." *Id.* Unknown to the police officers that filed the false Affidavit, the incident was memorialized by a television news crew and subsequently broadcast on the nightly news, showing that an unarmed man was shot in the neck while seated on the roof. *Id.* at ¶ 24. The footage reflects that Mr. Perera-Gonzalez was not holding a machete

6

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

at the time of the shooting or wielding it at anyone, and it is apparent he was shot in the neck (because he grabs his neck and blood appears all over his body.) *Id.* at ¶ 25. The Complaint further alleges that the City of Hialeah has knowledge that its officers regularly encounter individuals suffering from depression and suicidal behavior but fail to train its police officers on interactions with these individuals. *Id.* at ¶ 29. It is further alleged that the City police officers use unnecessary and potentially deadly force on other individuals suffering from depression and suicidal behavior, not just the Plaintiff. *Id.* at ¶ 29.

**III. Reconsideration is Justified Because of the Need to Correct a Manifest Injustice and New Evidence is Available**

The Court's Order granting the City's Motion to Dismiss reasoned that Count II and III (Failure to Train and Failure to Supervise) should be dismissed "with prejudice" because Plaintiff did not allege a past pattern of constitutional violations establishing deliberate indifference and was devoid of actual supporting facts, and because the Motion to Amend was procedurally insufficient. (Order, p. 3-4, 8.) Plaintiffs have since received an affidavit from the City of Hialeah Professional Compliance Bureau regarding the high incidents of excessive force investigations (up to 258 in the five-year period preceding the Plaintiff's incident). Incredibly, the Affidavit also states that the Bureau does not track or separate out those incidents involving improper Baker Act protocol or mental health interactions, and it objects

7

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

to having to produce those numbers because it would be "too burdensome" to do so. The affiant goes on to explain that it is possible to learn how many complaints are related to mental health interactions, but it would take approximately 43 hours and counsel for the City objects as this is "too burdensome." These statements illustrate both the custom and policy to ignore the necessity for training and supervision of police officers when interacting with mental health issues, and the high number of accusations by the public warranting internal investigations.  It would be a manifest injustice to dismiss this case and allow this policy and custom to go unchallenged with no determination on the merits.  In total, based upon both the discovery provided on April 26, 2021 and follow up investigations by the undersigned into public records, the following allegations would be added to the Second Amended Complaint if this Motion and the Motion for Leave to File Second Amended Compliant are granted:

1. There were at least two other lawsuits filed against the City in three years prior to October 1, 2017 involving allegations of the improper shooting of a person with mental health issues by officers of the City of Hialeah police department. (Laura Guzman, as Personal Representative of the Estate of Arturo Guzman, deceased v. City of Hialeah, et al., US Southern District of Florida Case No. 1:15-cv-23985-DPG and Elvis Jose Perez v. City of Hialeah et al., US Southern District of Florida Case No. 1:20-cv-22396-KMM. (The City has

8

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

not provided information concerning lawsuits involving shootings of persons with mental health issues prior to that period).

2. Defendant Rodriquez was investigated by the Bureau for two other incidents of excessive force where mental health issues were present in the year prior to the shooting of the Plaintiff. The Bureau failed to provide Defendant Rodriquez with training or supervision to avoid the use of future excessive force against those with mental health issues following the investigation.

3. The Hialeah Police Department's Professional Compliance Bureau has had up to 258 internal investigations into complaints in the past five years that indicate excessive force, abuse of authority, or failure to provide mental health treatment.

4. As further evidence of the City's pattern of failing to train or supervise its officers in the proper use of force on individuals suffering from mental health issues, the City does not separately track those complaints involving mental health issues despite having the data and ability to do so.  The City maintains it would only take an estimated 43 hours to review the last five years of formal complaints to determine the number of complaints related to mental health issues and or excessive force.  Therefore, the City has remained willfully ignorant of the need to train and supervise officers on the use of excessive force and excessive force in interactions with mental health issues like

9

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

depression and suicide.

The above allegations illustrate that it would be a manifest injustice to prevent the Plaintiff from seeking relief when evidence exists of a pattern of failure to train and supervise officers in preventing the use of excessive force when interacting with mental health issues such as suicide and depression. *Cf. Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252 (S.D. Fla. 2015) (the Court denied the Motion for Reconsideration based upon a manifest injustice argument because the Plaintiff could not produce any evidence to support his claims). Further, over 1800 pages of discovery received on April 26, 2021 contained new evidence of the City's pattern of similar constitutional violations by untrained and unsupervised employees, but given the volume of data, it could not be presented to the Court prior to the Court's May 19, 2021 ruling.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order granting Plaintiff's Motion for Reconsideration of its May 19, 2021 Order, and alter the Order to grant the Defendants Motion to Dismiss Counts II and III *without* prejudice (instead of "with prejudice"). Further, should this Motion be granted, Plaintiff respectfully requests this Count grant Plaintiff's Motion for Leave to File Second Amended Complaint, filed contemporaneously with this Motion.

DATED this 15th day of June, 2021.

10

STOLZENBERG GELLES FLYNN & ARANGO, LLP
1533 Sunset Drive, Suite 150, Coral Gables, FL 33143 ▪ Ph: 305-961-1450 ▪ Fax: 305-423-3979

CASE NO: 20-cv-23973-RNS

By: */s/ Paul Basile*  
Paul Basile, Esq. (FBN: 89036 )  
paul@kblawmiami.com  
**The Law Office of**  
**KASSEBAUM and BASILE, P.A.**  
150 West Flagler Street, Suite 1675  
Miami, FL 33130  
Telephone: (305) 445-2985  
Fax: (754) 400-6113  

By: *[signature]*  
Charles W. Flynn, III, Esq. (FBN: 204791)  
cflynn@sgfcounsel.com  
**STOLZENBERG GELLES FLYNN**  
**& ARANGO, LLP**  
1533 Sunset Drive, Suite 150  
Miami, FL 33143  
Telephone: (305) 961-1450  
Fax: (305) 423-3979  

*Counsel for Plaintiff, Eddy Perera-Gonzalez*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of 2021, I electronically caused the foregoing *Plaintiff's Motion for Reconsideration Pursuant To Rule 59(E) and Incorporated Memorandum of Law* to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF to: **Elizabeth M. Hernandez, Esq.** (elizabeth.hernandez@bowmanandbrooke.com); **Lourdes Espino Wydler, Esq.** (lew@marrerolegal.com); and **Oscar Edmund Marrero, Esq**. (oem@marrerolegal.com).

By: */s/ Charles Flynn*  
Charles Flynn, Esq.