United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eddy Perera-Gonzalez, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23973-Civ-Scola |
| Jorge Rodriguez and City of Hialeah, Florida, Defendants. | ) ) ) |

### Order Denying Motions for Reconsideration and for Leave to Amend

Plaintiff Eddy Perera-Gonzalez seeks damages from Defendants Jorge Rodriguez, a law enforcement officer, and the City of Hialeah (the "City"), Rodriguez's municipal employer, for injuries Perera-Gonzalez alleges he sustained when Rodriguez shot him in the neck. (1st Am. Compl. ("Compl."), ECF No. 16.) After Perera-Gonzalez amended his initial complaint, the City sought dismissal, which the Court granted, with prejudice. The Court found, under Federal Rule of Civil Procedure 12(b)(6), Perera-Gonzalez failed to state a claim against the City in any of the counts against it: failure to train (count two); failure to supervise (count three); and negligent hiring (count four). (Order, ECF No. 39.) Perera-Gonzalez now asks the Court to reconsider its decision, requesting that the dismissal be granted *without* prejudice, as to counts two and three, and to grant him leave to amend so that he can then try to replead those two counts. (Pl.'s Am. Mot. for Recon., ECF No. 44; Pl.'s Mot. to Amend, ECF No. 42.) In support, Perera-Gonzalez says the relief requested is necessary to prevent a manifest injustice based on evidence that was not previously available to him. (Pl.'s Am. Mot. for Recon. at 3.) In opposition, the City argues Perera-Gonzalez has failed to satisfy the legal standards for either reconsideration or amendment of the complaint. (Def.'s Resp. to Mot. for Recon., ECF No. 47; Def.'s Resp. to Mot. to Amend, ECF No. 48.) Perera-Gonzalez has timely replied to both responses. (Pl.'s Reply to Mot. for Recon., ECF No. 51; Pl.'s Reply to Mot. to Amend, ECF No. 52.) The Court has reviewed the briefing and the record and agrees with the City. The Court, therefore, **denies** both Perera-Gonzalez's motion for reconsideration (**ECF No. 44**) and motion for leave to amend (**ECF No. 42**).

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but

of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

In his motion for reconsideration, Perera-Gonzalez points to discovery the City produced on April 26, 2021. According to Perera-Gonzalez, the evidence contained in that discovery supports his claims both for failure to train and for failure to supervise. Consequently, he argues, manifest injustice would result if he were not allowed to replead his claims and have them heard on their merits. Perera-Gonzalez's reasoning misses the mark.

"[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Importantly, a party seeking to rely on newly discovered evidence to support reconsideration must show, among many other things, "due diligence on the part of the movant to discover the new evidence." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014). Here, Perera-Gonzalez complains that, because the documents the City produced were so voluminous—over 1800 pages—it simply "could not be presented to the Court prior to [its] ruling" on the motion to dismiss, just a few weeks later. (Pl.'s Mot. for Recon. at 2.) Notably, however, Perera-Gonzalez fails to show, or even allege, that the evidence on which he seeks to rely was unavailable to him during the pendency of his motion. Indeed, it appears there was no impediment to Perera-Gonzalez's obtaining the evidence even prior to filing this action in the first place. This is fatal to his motion.

Perera-Gonzalez initiated this case in September 2020. The Court entered its scheduling order in December, a few months later, and set the deadline to amend the pleadings as February 26, 2021. (Sched. Order, ECF No. 24.) Perera-Gonzalez did not serve the relevant discovery requests on the City until February 18, 2021 (request for production) and March 9 (interrogatories). The City eventually responded to those requests on April 26 and 27.

In support of his motion for reconsideration, Perera-Gonzalez relies on the following "new" evidence, most of which was contained in the City's aforementioned April production: two other lawsuits filed against the City in the three years prior to 2017, allegedly involving claims of "the improper shooting of a person with mental health issues by officers of the City of Hialeah police department"; two investigations of Rodriguez regarding excessive force where "mental health issues" were allegedly present, in the year before Perera-Gonzalez's shooting; 258 internal investigations by the City's police department's professional compliance bureau "into complaints in the past five years that indicate, excessive force, abuse of authority, *or* failure to provide mental health treatment"; and information indicating the City does not separately track complaints involving mental health issues. (*Id.* at 8–9 (emphasis added).) Nowhere in his briefing, however, does Perera-Gonzalez show, or even contend, that any of this evidence was not available before the Court's consideration of the City's motion to dismiss: indeed, he acknowledges receiving it weeks before the Court issued its order. Furthermore, it appears to the Court that all the evidence Perera-Gonzalez lists would have been readily available to him, had he sought it out, even before he filed his lawsuit and certainly before the expiration of the deadline to amend the pleadings.

In short, Perera-Gonzalez fails to show, or even allege, he was in anyway diligent in seeking the evidence he now claims is so essential to pleading his case. Furthermore, because of his lack of diligence, Perera-Gonzalez's motion for leave to amend his complaint, out of time, also fails: he has not presented good cause for an extension of the deadline to amend the pleadings, as required by Rule 16(b). Accordingly, the Court **denies** both Perera-Gonzalez's motion for reconsideration (**ECF No. 44**) and motion for leave to amend his complaint (**ECF No. 42**).

**Done and ordered**, in Miami, Florida, on September 2, 2021.

Robert N. Scola, Jr.
United States District Judge